**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| J.F., | Civil Action No. 20-20222 (SRC) |
| Plaintiff, |  |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.F. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning January 1, 2013. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on October 9, 2019, and the ALJ issued an unfavorable decision on November 22, 2019. Plaintiff sought review of the unfavorable decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 22, 2019, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal. First, Plaintiff contends that, at step three, the claimant meets the requirements of a Listing, which the ALJ overlooked. Second, Plaintiff argues that, at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Shinseki requires that Plaintiff's appeal be denied for failure to carry the burden of showing that any errors were harmful. As to Plaintiff's challenge to the step three analysis, in short, while Plaintiff alleges many inadequacies in how the ALJ explained the step three decision, Plaintiff has not demonstrated prejudice; he has not demonstrated that the record shows that he met the requirements for any listed impairment. Plaintiff argues that the ALJ failed to sufficiently set forth the bases for his decisions at step three, and that this "presents an unscalable hurdle." (Pl.'s Br. at 15.) This Court is not persuaded. Plaintiff's challenge to the determination at step three fails not because the ALJ did not explain the decision sufficiently, but because Plaintiff has not demonstrated that the record contains evidence that supports the inference that he met the requirements of a specific Listing.

While Plaintiff critiques the ALJ's writeup at step three with regard to Listing 14.11, Plaintiff concedes the following: "All he needed was a finding that only one of the four broad areas of mental functioning was compromised to the 'marked' level of severity." (Pl.'s Br. at 14.) Having made that concession, to prevail on this point on appeal, because Plaintiff bears the burden of proof of disability at step three, at a minimum, Plaintiff must point to evidence to support the inference that one of the four broad areas of mental functioning was compromised at the marked level of severity. Plaintiff does not do so. Instead, Plaintiff's brief offers a jumbled two-page list of citations to the record on a broad array of mental health-related matters. (Pl.'s

Br. at 16-18.)  Plaintiff then states: "this is the evidence that proves that plaintiff meets paragraphs 12.04, 12.08 and 14.11."  (Pl.'s Br. at 18.)  Plaintiff does not, however, methodically go through the requirements for each of these Listings and show which piece of evidence demonstrates which requirement.[1]  This presentation is merely conclusory and fails to demonstrate that the record evidence supports a determination that Plaintiff met the requirements of a specific Listing.  This Court cannot therefore find, as Shinseki requires, that Plaintiff was harmed by the alleged errors with regard to Listings 14.11, 12.04, or 12.08.

The same problem appears in Plaintiff's challenge to the step three analysis of degenerative disc disease.  Plaintiff offers no detailed demonstration that specific evidence of record shows that Plaintiff meets all requirements of a specific listed impairment.

As to Plaintiff's argument challenging the RFC determination at step four, the Court finds that the record does not support Plaintiff's contentions.  Plaintiff argues: "The decision simply doesn't offer any bridge between the evidence of record and the RFC findings."  (Pl.'s Br. at 27.)  The text of the ALJ's decision does not support this.  The ALJ explained that she had considered the opinions of the two DDS medical experts, who opined that Plaintiff retains the residual functional capacity to perform light work, but the ALJ decided that the RFC should be more limited.  (Tr. 19.)  As a result, the ALJ concluded that Plaintiff was limited to sedentary work with certain exertional and non-exertional limitations.  Given that the record contains reports

---

[1] The Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record."  And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted). Plaintiff has failed to follow the Third Circuit's clear instructions.

from two medical experts who opined that Plaintiff was capable of a broader range of work than the ALJ determined, and that the ALJ cited those opinions, the DDS medical reports constitute substantial evidence in support of the ALJ's RFC determination.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in his favor, and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 2, 2025